UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALICIA ANDERSON, individually and on behalf of all other persons similarly situated who were employed by D&V PACKAGE EXPRESS, LLC,<br><br>Plaintiffs,<br><br>-against-<br><br>D&V PACKAGE EXPRESS, LLC and any related entities,<br><br>Defendant. | **COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION**<br><br>**and**<br><br>**CLASS ACTION**<br><br>Docket No.: 5:25-cv-112 (BKS/MJK)<br><br>**JURY TRIAL DEMANDED** |

Named Plaintiff ALICIA ANDERSON ("Anderson" or "Named Plaintiff Anderson"), by her attorneys Gattuso & Ciotoli, PLLC; allege upon knowledge to herself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.      This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207, and 216(b); New York Labor Law § 190 *et seq.*, New York Labor Law §§ 650 *et seq.* and 663; 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") §§ 142 *et. seq.* to recover unpaid wages and overtime compensation, as well as related damages owed to the Anderson and all similarly situated persons (collectively "Plaintiffs") who are presently or were formerly employed by Defendant D&V PACKAGE EXPRESS, LLC, and/or any other entities controlled by D&V PACKAGE EXPRESS, LLC, (hereinafter "D&V" or "Defendant") in trades and occupations entitled to receive the minimum wage and overtime compensation.

2.      From approximately April 21, 2021, and continuing through the present, D&V has engaged in a practice of depriving its employees, particularly Anderson and those similarly

1

situated, of the applicable straight time wages and overtime wages for work they performed as mandated by federal and state law.

3.      From approximately April 21, 2021, and continuing through the present, D&V has engaged in a practice of having its employees regularly work in excess of 40 hours per week without providing all owed overtime compensation as required by the applicable federal and state laws.

4.      Upon information and belief, D&V also failed to provide appropriate wage notices and pay statements to Anderson and those similarly situated as required under NYLL.

5.      Anderson has initiated this action seeking for herself, and on behalf of all similarly situated employees, all compensation, including straight time wages and overtime compensation of which they were deprived, plus interest, damages, and attorneys' fees and costs.

## JURISDICTION

6.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7.      This Court also has supplemental jurisdiction over the state-law class claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

8.      This Court has personal jurisdiction over D&V because D&V has conducted substantial business in New York, including employing Anderson in New York.

9.      The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

10.     The statute of limitations under New York Labor Law § 198(3) is six (6) years.

**VENUE**

11.     Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

12.     Specifically, D&V employed Anderson in Onondaga County, which is in this District and Division.

**THE PARTIES**

13.     Named Plaintiff Alicia Anderson is an individual who is currently a resident of Onondaga County, New York.

14.     Defendant D&V Package Express, LLC is a domestic limited liability company organized and existing under the laws of the State of New York, with a principal place of business at 1385 Great Gully Road, Union Springs, NY 13160.

15.     Defendant D&V Package Express, LLC, operates out of an Amazon delivery warehouse located at 6834 Kirkville Rd., E. Syracuse, NY 13057, East Syracuse, NY 13057.

16.     Anderson was employed by Defendant as an Amazon Delivery Driver (also referred to as a Delivery Associate) from August 21, 2024, to October 25, 2024.

17.     Upon information and belief, over the course of its existence, D&V has employed hundreds of individuals to work as Amazon Delivery Drivers / Delivery Associates.

18.     Anderson brings this class and collective action on behalf of herself and other similarly situated Amazon Delivery Drivers and Delivery Associates who were subject to D&V's practice and requirements of regularly working off the clock through meal breaks.

## CLASS ALLEGATIONS AND COVERAGE UNDER THE FLSA

19.     This action is brought on behalf of Anderson and a class consisting of similarly situated employees who performed work for D&V as Amazon Delivery Drivers and/or Delivery Associates at D&V's location in East Syracuse, NY, and any other New York locations, at times between April 21, 2021, and the present.

20.     At all relevant times, D&V has been an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

21.     At all relevant times, D&V has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because ERSG is engaged in providing employee staffing services to the energy industry. 29 U.S.C. § 203(s)(1)(B).

22.     At all relevant times, D&V has had employees engaged in commerce or in the production of goods for commerce.

23.     At all relevant times, Anderson and all other similarly situated individuals who worked as Amazon Delivery Drivers and/or Delivery Associates have been D&V's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e)(1).

24.     At all relevant times, Anderson and all other similarly situated individuals who worked as Amazon Delivery Drivers and/or Delivery Associates were engaged in commerce or in the production of goods for commerce.

25.     At all relevant times, D&V classified Anderson and all other similarly situated individuals who worked as Amazon Delivery Drivers and/or Delivery Associates as non-exempt under the FLSA, and paid them by the hour.

26.     From approximately April 21, 2021, D&V has required all individuals who worked as Amazon Delivery Drivers and/or Delivery Associates, including Anderson, to clock out for 30-

4

minute meal breaks during their shifts, but then continue performing their regular work assignments off the clock through the entirety of the 30-minute period.

27.     D&V would not allow Anderson and all other similarly situated employees to receive bona fide uninterrupted meal breaks.

28.     As a result, D&V has failed to pay Anderson and all other similarly situated employees for all hours worked.

29.     D&V's practice deprives Anderson and all other and the other similarly situated employees of overtime compensation during workweeks when they work over 40 hours. 29 U.S.C. § 207(a) & (e).

30.     As a result, D&V failed to pay Anderson and the other similarly situated employees at least 1.5 times their regular rates of pay – based on all remuneration – for hours worked in excess of 40 a workweek, in willful violation of the FLSA.

31.     This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

32.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be hundreds of employees. Additionally, the names of all potential members of the putative class are not known.

33.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include but are not limited to: (1) whether D&V failed to pay the appropriate regular or minimum wage for hours up to 40 in a week and overtime wages for all hours worked in excess of 40 in a week; (2) whether D&V failed to provide Anderson and those similarly situated with proper wage notices and wage statements during the time of their employment.

34.     The claims of Anderson are typical of the claims of the putative class members. Anderson and putative class members were all subject to Defendant's policies and willful practice of failing to pay regular and/or minimum wages and failure to pay overtime wages for all hours worked; as well as Defendant's failure to provide wage notices as required by NYLL.

35.     Anderson and counsel will fairly and adequately protect the interests of the putative class. Anderson has retained counsel experienced in complex wage and hour collective and class-action litigation.

36.     A Class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Anderson and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendant.  A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendant's policies.

**FACTS**

37.     Defendant D&V Package Express, LLC, is an independent freight carrier based out of East Syracuse, New York.

38.     Upon information and belief, D&V operates exclusively as a third-party delivery service provider for Amazon.com, Inc. ("Amazon"), handling and delivering packages for Amazon's customers.

39.     In furtherance of its business and to meet its objectives, D&V employed individuals, including Anderson, as Amazon Delivery Drivers and/or Delivery Associates.

40.     All individuals hired by D&V as Amazon Delivery Drivers and/or Delivery Associates are employed and work for D&V, not Amazon.

41.     Anderson was hired by and worked for D&V as an Amazon Delivery Driver from August 21, 2024, through October 25, 2024.

42.     Throughout the entire duration of her employment, D&V classified Anderson as non-exempt under the FLSA and paid her by the hour.

43.     Upon information and belief, all individuals hired by D&V as Amazon Delivery Drivers and/or Delivery Associates are classified as non-exempt under the FLSA and are paid by the hour.

44.     When Anderson worked on Mondays through Saturdays, her normal hourly rate was $21.50 per hour. When Anderson worked on Sundays, her normal hourly rate of pay was $23.00 per hour.

45.     Upon information and belief, Anderson's overtime rate of pay for any hours worked beyond 40 in a given week was approximately $32.25 per hour.

46.     Anderson routinely worked, and was expected by D&V to work, over 40 hours each week.

47.     Anderson was routinely scheduled, and in fact did, work a 6+ hour long shift.

48.     Anderson's shifts always started at/around 10:25am, and she would work until sometime between 7:30pm to 10:30pm, depending on her number of delivery assignments and distance traveled in a given day.

49.     As an Amazon Delivery Driver, Anderson job was to drive one of several types of extended vans provided by D&V and deliver packages to residential homes and businesses.

50.     D&V primarily operates out of an Amazon delivery station warehouse located at 6834 Kirkville Rd. in East Syracuse.

7

51.     Each workday, Anderson reported to D&V's warehouse located at 6834 Kirkville Rd. to clock in and start her shift.

52.     Per D&V's instructions, Anderson would clock in and out for her shifts using an ADP app that was downloaded on her personal mobile phone.

53.     Anderson would clock in for her shift at 10:25am and normally depart for her delivery assignments sometime between 11:00am – 11:30am after she completed all necessary procedures in preparation for the workday.

54.     D&V assigned each Amazon Delivery Driver, including Anderson, their respective deliveries and routes each workday, which generally ranged from 30 to 80 delivery stops to complete, located up to 1½ to 2 hours away from D&V's warehouse.

55.     D&V provided Anderson with a separate work phone for the sole purpose of using an Amazon app on it that provided her delivery assignments, package numbers, and instructed driving routes via a GPS map.

56.     Upon information and belief, all Amazon Delivery Drivers employed by D&V were provided a work phone with this Amazon app to use for completing their work assignments.

57.     Anderson's shifts would be done upon returning to D&V's warehouse in East Syracuse after completing all her delivery assignments.

58.     Upon information and belief, as part of their business relationship, Amazon mandates that D&V requires its employees to clock out for 30-mintue meal breaks when working a 6+ hour shift.

59.     The Amazon app on the Delivery Drivers' work phone contains a function to clock out for meal breaks during shifts. When a driver uses this Amazon app on their work phone to clock out for a break, it automatically disables the GPS map in the app for the duration of the break

so that the driver cannot proceed on their delivery routes while off the clock. The Amazon app also does not allow the driver to clock back in from the break before the 30-minute period is complete.

60.    Anderson was expressly ordered by D&V never to use the Amazon app to clock out for breaks, and that it "*was not a smart idea to use that option*."

61.    Upon information and belief, because of workload expectations and quotas that needed to be satisfied, D&V did not want its Amazon Delivery Drivers actually taking 30-minute work-free meal breaks.

62.    Instead of using the Amazon app to clock out for meal breaks, D&V directly ordered Anderson to use the ADP app on her personal phone to clock out for a 30-minute meal break before 2:00pm every workday but then continue performing her work assignments while off the clock.

63.    Having a driver use the ADP app on their personal phone to clock out for breaks would not disable the Amazon app or its other functions on their work phone, thus allowing the driver to continue on route and perform work while off the clock.

64.    Anderson was told by D&V that if she did not clock out for 30-minute meal breaks, then D&V could be fined, and she would lose her job.

65.    At the risk of losing her job, Anderson complied with D&V's instructions, clocking out for 30-minute breaks using the ADP app on her personal phone, continuing to work while off the clock for the entire 30-minute period, and then clocking back in on the ADP app.

66.    Upon information and belief, all other Amazon Delivery Drivers and/or Delivery Associates were given the same instructions by D&V to clock out for 30-minute meal breaks using

the ADP app on their personal phones during every shift, and continue working through the 30-minute period before clocking back in..

67.    D&V did not actually provide Anderson and the other Amazon Delivery Drivers and/or Delivery Associates with bona fide uninterrupted meal breaks.

68.    Anderson and the other Amazon Delivery Drivers do not actually receive bona fide uninterrupted meal breaks.

69.    Instead, D&V requires Anderson and the other Amazon Delivery Drivers to remain on duty and perform compensable work throughout their entire shifts, including during what was supposed to be their unpaid meal breaks.

70.    Each D&V vehicle that Anderson operated contained a video camera that recorded her at all times and would corroborate whether she worked while being clocked out for a meal break.

71.    Upon information and belief, all D&V vehicles that are operated by Amazon Delivery Drivers and/or Delivery Associates contain a video camera that records the driver at all times and would corroborate whether they worked while being clocked out for a meal break.

72.    This practice prevented Anderson from receiving earned overtime compensation. For example, during the following pay periods, Anderson worked 40+ hours:

    a.  August 25, 2024 – August 31, 2024

    b.  September 1, 2024 – September 7, 2024

    c.  September 8, 2024 – September 14, 2024

    d.  September 15, 2024 – September 21, 2024

    e.  September 22, 2024 – September 28, 2024

    f.  September 29, 2024 – October 5, 2024

    g.  October 6, 2024 – October 12, 2024

    h.  October 13, 2024 – October 19, 2024

    i.  October 20, 2024 – October 25, 2024

73.    Anderson regularly conversed with other similarly situated Amazon Delivery Drivers who were also ordered to routinely clock out for meal breaks on their ADP apps during their shifts and then continue working while off the clock.

74.    Upon information and belief, all similarly situated Amazon Delivery Drivers and/or Delivery Associates who worked through their meal breaks were subject to D&V's required practice and did not get paid for all the time they spent working.

75.    D&V consistently and repeatedly used this practice of ordering Amazon Delivery Drivers and/or Delivery Associates to clock out for 30-minute meal breaks on their ADP apps and continue working while off the clock, and at times failing to pay overtime across the members of the putative class.

76.    This unpaid time is compensable under the FLSA and NYLL because D&V knew, or should have known, that (1) Anderson and all other Amazon Delivery Drivers and/or Delivery Associates perform unpaid work during their "meal breaks," (2) they are not completely relieved of all duties during "meal breaks," (3) they entirely skip "meal breaks" due to work demands, (4) the "meal breaks" are less than 30 consecutive minutes, (5) they are not free to engage in personal activities during their meal breaks because of interruptions, (6) they predominantly spend unpaid "meal breaks" performing their regular work duties for D&V's predominant benefit.

77.    Despite accepting the benefits, D&V does not pay Anderson and all other Amazon Delivery Drivers and/or Delivery Associates for the compensable work they perform during their "meal breaks."

11

78.     D&V knows Anderson and all other Amazon Delivery Drivers and/or Delivery Associates routinely perform work off the clock during their unpaid meal breaks because D&V expects and requires them to do so.

79.     Thus, under D&V's practice, Anderson and all other Amazon Delivery Drivers and/or Delivery Associates are denied overtime compensation for on-duty "meal breaks" in workweeks they work over 40 hours, in willful violation of the FLSA and New York law.

80.     As a result, D&V fails to pay Anderson and all other Amazon Delivery Drivers and/or Delivery Associates overtime at a rate not less than 1.5 times their regular rates of pay – based on all remuneration – for hours worked in excess of 40 a week, in violation of the FLSA and NYLL.

81.     Upon information and belief, D&V disregarded and evaded recordkeeping requirements of applicable New York State law, including New York Labor Law § 195(4) and 12 NYCRR § 142-2.6, by failing to maintain proper and complete records of hours worked and rates of pay, as well as other employee records.

## D&V'S VIOLATIONS WERE WILLFUL AND DONE IN RECKLESS DISREGARD OF THE FLSA AND NYLL

82.     D&V knows it is subject to the FLSA, including its overtime provisions.

83.     D&V knows it is subject to the NYLL and its supporting regulations, including the overtime provisions and timely payment of wages provisions.

84.     D&V knew Anderson and all other Amazon Delivery Drivers and/or Delivery Associates are non-exempt employees entitled to overtime because ERSG classified and paid them as such.

85.     D&V knew Anderson and all other Amazon Delivery Drivers and/or Delivery Associates are hourly employees because D&V pays them by the hour.

86.     D&V knew Anderson and all other Amazon Delivery Drivers and/or Delivery Associates worked more than 40 hours in at least one workweek during the relevant period because D&V required them to record their "on the clock" hours worked using its timeclock system.

87.     D&V knew the FLSA and NYLL require it to pay Anderson and all other Amazon Delivery Drivers and/or Delivery Associates for all hours they perform compensable work.

88.     D&V knew the FLSA and NYLL require it to pay Anderson and all other Amazon Delivery Drivers and/or Delivery Associates overtime at rates not less than 1.5 times their regular rates of pay – based on all remuneration – for all hours worked in excess of 40 in a workweek.

89.     D&V knew it failed to provide Anderson and all other Amazon Delivery Drivers and/or Delivery Associates with bona fide uninterrupted meal breaks.

90.     D&V knew Anderson and all other Amazon Delivery Drivers and/or Delivery Associates regularly work during their unpaid "meal breaks" because D&V expects and requires them to.

91.     D&V knew Anderson and all other Amazon Delivery Drivers and/or Delivery Associates regularly spend their "meal breaks" substantially performing their normal job duties for D&V's predominant benefit.

92.     D&V knew Anderson and all other Amazon Delivery Drivers and/or Delivery Associates perform compensable work during their unpaid "meal breaks."

93.     Thus, D&V knew, should have known, or recklessly disregarded the fact that Anderson and all other Amazon Delivery Drivers and/or Delivery Associates do not actually receive bona fide uninterrupted meal breaks.

13

94.　　D&V knew that, as Anderson's and all other Amazon Delivery Drivers' and/or Delivery Associates' employer, it had a duty to ensure they are not performing work during their unpaid "meal breaks."

95.　　D&V knew Anderson and all other Amazon Delivery Drivers and/or Delivery Associates worked more than 40 hours in at least one workweek during the relevant period.

96.　　Thus, D&V knew, should have known, or recklessly disregarded the fact that it did not pay Anderson and all other Amazon Delivery Drivers and/or Delivery Associates for all hours, including overtime hours, they perform compensable work, including the compensable work they perform during their unpaid "meal breaks."

97.　　In other words, D&V knew, should have known, or recklessly disregarded the fact that it failed to pay Anderson and all other Amazon Delivery Drivers and/or Delivery Associates overtime wages for all overtime hours worked, in willful violation of the FLSA and NYLL.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
### (FLSA COLLECTIVE MEMBERS)

98.　　Named Plaintiff Anderson repeats each and every allegation previously made here and as if set forth fully herein.

99.　　Anderson and similarly situated hourly employees of Defendant bring this claim for relief pursuant to the Fair Labor Standards Act ("FLSA") at 29 U.S.C. § 201, et seq.

100.　　Named Plaintiff Anderson brings her FLSA claims on behalf of herself and the other FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

101.　　D&V violated, and is violating, the FLSA by failing to pay Anderson and the other FLSA Collective Members overtime wages of at least 1.5 times their regular rates of pay – based

on all remuneration – for all hours worked in excess of 40 a workweek, including hours worked "off the clock" during their unpaid "meal breaks."

102.    Throughout the relevant period, D&V required Anderson and the other FLSA Collective Members to clock out for 30-minute meal breaks during each 6+ hour long shift using an ADP app on their personal phones, and to continue working throughout the entire duration of those "meal breaks."

103.    Throughout the relevant period, Anderson and the other FLSA Collective Members did not actually receive bona fide uninterrupted meal breaks.

104.    Instead, throughout the relevant period, D&V expected and required Anderson and the other FLSA Collective Members to remain on duty and perform compensable work during their unpaid "meal breaks."

105.    Anderson and the other FLSA Collective members have been harmed as a direct and proximate result of ERSG's unlawful conduct because they have been deprived of wages owed for work that they performed and from which D&V derived a direct and substantial benefit.

106.    D&V knowingly, willfully, and/or in reckless disregard of the FLSA carried out this pattern and practice of failing to pay Anderson and the other FLSA Collective Members overtime compensation at the required premium rate for all overtime hours worked.

107.    D&V's failure to pay Anderson and the other FLSA Collective Members overtime for all overtime hours worked was neither reasonable, nor was the decision not to pay overtime compensation for all overtime hours worked made in good faith.

108.    Accordingly, Anderson and the other FLSA Collective Members are entitled to recover the difference between the overtime wages actually paid and the overtime wages actually earned, plus an equal amount as liquidated damages, as well as attorney's fees and costs.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES UNDER THE NYLL
### (NEW YORK CLASS MEMBERS)

109.    Named Plaintiff Anderson repeats each and every allegation previously made here and as if set forth fully herein.

110.    Named Plaintiff Anderson brings her NYLL overtime claims as a class action on behalf of herself and the other New York Class Members pursuant to FED. R. CIV. P. 23.

111.    Pursuant to Article Six of the NYLL, workers, such as Anderson and other members of the putative class action, are protected from wage underpayments and improper employment practices.

112.    D&V's conduct violates the NYLL and its implementing regulations, NYLL §§ 190, et seq. and 650, et seq.; 12 NYCRR Part 142-3.2.

113.    At all relevant times, D&V was subject to the NYLL because D&V was a covered "employer" within the meaning of the NYLL. NYLL §§ 190(3) and 651(6).

114.    At all relevant times, D&V employed Anderson and each New York Class Member as its covered "employees" within the meaning of the NYLL. NYLL §§ 190(2) and 651(5).

115.    The NYLL requires employers, like D&V, to pay non-exempt employees, including Anderson and the other New York Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay – based on all remuneration – for all hours worked over 40 in a workweek. See NYLL §§ 190, et seq. and 650, et seq.; 12 NYCRR Part 142-3.2 and 142-3.14.

116.    Anderson and the other New York Class Members are entitled to overtime pay under the NYLL.

117.    D&V violated, and is violating, the NYLL by employing non-exempt employees (Anderson and the other New York Class Members) for workweeks longer than 40 hours without paying them overtime wages at rates of at least 1.5 times their regular rates of pay for all hours worked in excess of 40 in a workweek, including hours worked "off the clock" during their "meal breaks." See NYLL §§ 190, et seq. and 650, et seq.; 12 NYCRR Part 142-3.2 and 142-3.14.

118.    D&V's unlawful conduct harmed Anderson and the other New York Class Members by depriving them of the premium overtime wages they are owed.

119.    D&V acted willfully, without a good faith basis, and with reckless disregard of clearly applicable to New York law.

120.    Thus, D&V's NYLL violations with respect to Anderson and the other New York Class Members were "willful" within the meaning of Section 198 of the NYLL. See NYLL § 198.

121.    Accordingly, D&V owes Anderson and the other New York Class Members the difference between the overtime wages actually paid and the overtime wages actually earned, plus interest on those amounts, penalties, and attorneys' fees and costs. See NYLL §§ 198(4) and 663(1).

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ANNUAL WAGE NOTICES
### AND PAY STATEMENTS UNDER NYLL

### (NEW YORK CLASS MEMBERS)

122.    Named Plaintiff Anderson repeats and re-alleges the allegations set forth above as if fully set forth herein.

123.    D&V has willfully failed to provide Anderson and those similarly situated with wage notices, as required by NYLL § 195(1), in English or in the language identified as their

primary language, containing Plaintiffs rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names use by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus, such other information as the commissioner deems material and necessary.

124.    D&V has willfully failed to provide Anderson and those similarly situated with proper and accurate pay statements, as required by NYLL § 195(3), listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; accurate recording of all hours due to be paid; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

125.    Anderson, and those similarly situated, did not receive all required wage notices and pay statements during their employment with D&V.

126.    Through their knowing or intentional failure to provide Anderson with the wage notices and pay statements required by the NYLL, D&V willfully violated NYLL §§ 191(1) and (3) and the supporting New York State Department of Labor Regulations.

127.    According to NYLL § 198-1(b), Anderson, and those similarly situated, are entitled to $50 for every day they did not receive a wage notice up to a total of $5,000, together with costs and reasonable attorney's fees.

18

128.    According to NYLL § 198-1(b), Anderson, and those similarly situated, are entitled to $250 for every day they did not receive a proper and accurate pay statement up to a total of $5,000, together with costs and reasonable attorney's fees.

129.    By the foregoing reasons, D&V violated NYLL §§ 195(1) and (3) and are liable to the Plaintiffs pursuant to NYLL 198-1(b) in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## JURY TRIAL DEMANDED

130.    Plaintiffs demand that all issues of fact be decided by a jury.

**WHEREFORE**, Anderson, individually and on behalf of all other persons similarly situated who were employed by Defendant, seeks the following relief:

a.  An Order designating this lawsuit as a collective action and authorizing notice to the FLSA Collective Members allowing them to join this action by filing a written notice of consent;

b.  An Order certifying a class action pursuant to FED. R. CIV. P. 23;

c.  An Order finding D&V liable to Anderson and the other FLSA Collective Members for all unpaid overtime wages owed under the FLSA, plus liquidated damages in an amount equal to their unpaid wages;

d.  An Order finding D&V liable to Finney and the other New York Class Members for their unpaid overtime wages owed under the NYLL plus liquidated damages in an amount equal to their unpaid wages;

e.  Judgement awarding Anderson and the other class members all unpaid and untimely wages, unpaid overtime wages, liquidated damages, statutory damages, and any other penalties available under the FLSA and/or NYLL;

f.   An Order awarding attorneys' fees, costs, and expenses incurred in this action;

g.   Pre- and post-judgment interest at the highest applicable rates; and

h.   Such other and further relief as may be necessary and appropriate.


Dated: Fayetteville, New York
      January 23, 2025

By:    */s/ Ryan G. Files*
        Ryan Files, Esq. (Bar Roll 702255)
        Frank Gattuso, Esq. (Bar Roll 513636)
        GATTUSO & CIOTOLI, PLLC
        The White House
        7030 E. Genesee Street
        Fayetteville, New York 13066
        315-314-8000
        315-446-7521 (fax)
        rfiles@gclawoffice.com
        fgattuso@gclawoffice.com

        *Attorneys for Named Plaintiff Alicia Anderson and*
        *the and putative class*